325 N.W.2d 652 (1982)
212 Neb. 699
STATE of Nebraska ex rel. NEBRASKA STATE BAR ASSOCIATION, Relator,
v.
Joseph J. DIVIS, Respondent.
No. 81-810.
Supreme Court of Nebraska.
October 22, 1982.
On motion for the court.
PER CURIAM.
The respondent, Joseph J. Divis, was formally charged in this court with a violation of his license to practice law as provided in Neb.Rev.Stat. § 7-104 (Reissue 1977), and with the violation of DR 1-102(A)(1) and DR 6-101(A)(3) of the Code of Professional Responsibility on two counts. A referee was appointed, pleadings filed, and hearing held. The referee's report found that the actions of the respondent on both counts constituted a violation of the statute and disciplinary rules as charged, and recommended a public reprimand and further probationary conditions. No exceptions or objections have been filed to the referee's report.
On count I the record establishes that on July 14, 1976, the respondent, acting as attorney for an estate, filed a will for probate in the Custer County Court. A third party named in the will was appointed and qualified as executor, and after notice to creditors an order barring claims was entered on December 7, 1976. There have been no filings since then. The respondent has been attorney of record throughout. As early as 1978 one of the beneficiaries of the estate complained about the delay in the administration of the estate.
An obligation of the Federal Land Bank matured on July 20, 1978, and the sum of $5,082.46 was deposited by the Nebraska State Bank and Trust Company in Broken Bow, Nebraska, in a checking account of the decedent in that bank. On February 9, 1979, a beneficiary under the will withdrew the sum of $6,392.97 from the bank account and closed the account. Respondent had failed to determine that the checking account of the decedent had authorized signatures other than the deceased's before using the account as a depository for estate funds.
In June 1982 a petition was filed by the personal representative of the estate in the District Court for Custer County against the bank and the beneficiary to recover the amount withdrawn.
The excuses given by respondent for a delay of over 6 years in administering a relatively small and simple estate are not persuasive.
On count II the evidence shows that on August 22, 1975, respondent filed a will for probate in Lancaster County Court and secured *653 the appointment of an executor on December 17, 1975. Assets of the modest estate consisted entirely of personal property in Lancaster County where the deceased had resided. Complaints as to delay were made to the respondent by attorneys, heirs, and judges of the county court from 1976 through 1981. The original executor died in 1977 but a successor executor was not appointed until May 1980. In 1979 respondent filed an inventory which had been signed and notarized in June 1976. Petition for determination of inheritance tax and approval of final report was not filed until May 1981, and the personal representative was not discharged until July 9, 1982. There is no reasonable excuse for such delay.
The respondent, having violated a disciplinary rule and having failed to act competently by neglecting a matter entrusted to him, is guilty of unprofessional conduct under both counts and is hereby publicly reprimanded for conduct violative of the Code of Professional Responsibility and of his oath as a member of the bar of this court.
In accordance with the recommendation of the referee the respondent is placed on a probationary status until the further order of this court. The conditions of probation are that the respondent shall forthwith take all actions required or necessary to close the estate pending in Custer County, Nebraska, with the exception of the pending action by the personal representative against the bank and the beneficiary for the withdrawal of the bank account of the decedent.
Counsel for Discipline shall determine whether the conditions of probation have been met and report to this court, which may take such further action as may be appropriate.
JUDGMENT OF REPRIMAND AND PROBATION.
WHITE, J., not participating.