STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCATION,
RELATOR, V. MILES W. JOHNSTON, JR., ALSO KNOWN AS
BILL JOHNSTON, RESPONDENT.

558 N.W.2d 53

Filed January 10, 1997.   No. S-95-928.

John W. Steele, Assistant Counsel for Discipline, for relator.

No appearance for respondent.

WHITE, C.J., CAPORALE, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

PER CURIAM.

This is a lawyer discipline case wherein the relator, Nebraska State Bar Association, seeks to have this court discipline the respondent, Miles W. Johnston, Jr., also known as Bill Johnston, a member of the relator association.

## SCOPE OF REVIEW

A proceeding to discipline a lawyer is a trial de novo on the record, in which this court reaches a conclusion independent of the findings of the referee; provided, however, that where the credible evidence is in conflict on a material issue of fact, this court considers and may give weight to the fact that the referee heard and observed the witnesses and accepted one version of the facts rather than another. See *State ex rel. NSBA v. Van, ante* p. 196, 556 N.W.2d 39 (1996).

## FACTS

Johnston was duly admitted by this court to the practice of law in the State of Nebraska and to membership in the association on June 28, 1965, and, except for periods of suspension as hereinafter noted, has at all times relevant hereto engaged in the private practice of law in Lancaster County, Nebraska.

On the basis of the amended application of the association's Committee on Inquiry of the First Disciplinary District representing that Counsel for Discipline had filed charges alleging a pattern by Johnston of neglecting matters entrusted to him as a lawyer and of failing to respond to inquiries made by Counsel for Discipline, and Johnston's failure to have responded to our order to show cause why such should not be done, we temporarily suspended Johnston from the practice of law by order dated August 29, 1995. Although the order was served upon Johnston on August 31, 1995, he has not yet complied with Neb.

Ct. R. of Discipline 16 (rev. 1996) requiring, among other things, that one suspended from the practice of law return to our clerk the card showing membership in the association and file an affidavit that all present clients and lawyers involved in pending matters with the suspended lawyer have been notified of the suspension and that clients have been assisted in obtaining other representation.

Johnston had represented Denise E. Mainquist in other matters and at her request undertook to seek a reduction of her child support obligation to her former husband. He prepared an application seeking such relief and led her to believe that he had filed it; however, he never did so, even after the former husband had filed his own application seeking an increase in child support. Moreover, not until after Mainquist was served with a motion for default judgment did Johnston file a response he had prepared to the former husband's application, which he had Mainquist sign. Although Johnston agreed because of Mainquist's vacation schedule to seek a continuance of the hearing set on the former husband's application, he did not do so. Moreover, he did not attend the hearing, about which he had forgotten. After he received a call from the judge, he submitted the matter on the discovery and the pleadings, notwithstanding that he had not reviewed the former husband's current representation of income. An order was entered increasing Mainquist's child support obligation.

Johnston was informed by the court of the increased child support order, but he said nothing about it to Mainquist, who testified she did not learn of it until approximately 4 months after it was entered, when her former husband told her. Although Johnston prepared and gave Mainquist a copy of a motion to set the order aside, he did not file it.

With respect to the hearing, Johnston explained he had worked out the husband's income based on information he had seen in the past and admitted he was probably negligent in not reviewing the former husband's current computations in that regard. He explained that he did not file the application he had prepared for Mainquist even after the husband filed his application because he initially thought the issues would be the same, but on reflection agreed that they were probably not. He can-

didly admitted that Mainquist "didn't get the best professional job out of it," but, recognizing that such was not a requirement for discipline, did not "know that she . was substantially harmed." He also explained that he takes on too much and is trying to limit that problem.

Johnston also admits that he failed to respond in a timely fashion to the inquiries made by the association's Counsel for Discipline concerning the four complaints forming a part of the formal charges now before us. It was not until the hearing before the Committee on Inquiry that Johnston responded in writing to three of the complaints. He made no written response to Counsel for Discipline on the inquiry concerning Mainquist's complaint, the only complaint we consider on the merits.

The record further reveals that Johnston does not come to us with an unblemished past professional history. On June 1, 1989, Johnston was privately reprimanded for having violated our Code of Professional Responsibility on a charge of misrepresenting to a client that a petition had been filed. On May 22, 1991, Johnston was privately reprimanded for having violated the code on a charge of causing the dismissal of an appeal to this court through his failure to timely file a brief after he had been granted two extensions. On June 5, 1992, Johnston was suspended from the practice of law for a period of 30 days effective September 1, 1992, *State ex rel. NSBA v. Johnston*, 240 Neb. 872, 485 N.W.2d 577 (1992), on charges of failing to timely close two estates and failing to timely respond to the inquiry of Counsel for Discipline on the complaint leading to that charge. On November 22, 1994, Johnston was privately reprimanded on a charge of failing to timely respond to an inquiry of Counsel for Discipline.

The referee, Richard P. Nelson, found that the manner in which Johnston handled the Mainquist matters violated the code, and recommended that Johnston be suspended from the practice for a period of 2 years and be given credit for the period of temporary suspension "which has been in force continuously since August 29, 1995 . . . ." The association urges in its brief in this court that the recommended discipline is too lenient. Johnston has not filed a brief.

## ANALYSIS

We have consistently held that a lawyer who neglects an entrusted matter has failed to act competently and is guilty of unprofessional conduct. *State ex rel. NSBA v. Van, ante* p. 196, 556 N.W.2d 39 (1996); *State ex rel. NSBA v. Johnson,* 249 Neb. 563, 544 N.W.2d 803 (1996); *State ex rel. NSBA v. Carper,* 246 Neb. 407, 518 N.W.2d 656 (1994); *State ex rel. NSBA v. Barnett,* 243 Neb. 667, 501 N.W.2d 716 (1993); *State ex rel. NSBA v. Copple,* 232 Neb. 736, 441 N.W.2d 894 (1989); *State ex rel. NSBA v. Doerr,* 216 Neb. 504, 344 N.W.2d 464 (1984); *State ex rel. Nebraska State Bar Assn. v. Divis,* 212 Neb. 699, 325 N.W.2d 652 (1982). Moreover, the violation of any of the ethical standards relating to the practice of law, or any conduct which tends to bring the courts or legal profession into disrepute, constitutes grounds for suspension or disbarment. *Doerr, supra; State ex rel. Nebraska State Bar Association v. Walsh,* 206 Neb. 737, 294 N.W.2d 873 (1980).

In order to sustain a complaint in a lawyer discipline proceeding, we must find the complaint to be established by clear and convincing evidence. See *Johnson, supra.* From our de novo review, we find the evidence clearly and convincingly establishes that the manner in which Johnston handled the Mainquist matter violated Canon 1, DR 1-102(A), of the code, which provides, in relevant part, that a lawyer shall not "(1) Violate a Disciplinary Rule. . . . (4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation. (5) Engage in conduct that is prejudicial to the administration of justice. (6) Engage in any other conduct that adversely reflects on his or her fitness to practice law."

We further find that the manner in which Johnston handled the Mainquist matter violated Canon 6, DR 6-101(A)(2) and (3), which provide that a lawyer shall not "(2) Handle a legal matter without preparation adequate in the circumstances. (3) Neglect a legal matter entrusted to him or her."

Additionally, we find the evidence clearly and convincingly establishes that Johnston's failure to make timely responses to the inquiries of Counsel for Discipline also violated Canon 1, DR 1-102(A)(1), (5), and (6), set forth above.

To determine whether and to what extent discipline should be imposed, this court considers the following factors: (1) The nature of the offense, (2) the need for deterring others, (3) the need to maintain the reputation of the bar as a whole, (4) the need to protect the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law. See *Van, supra.* We also take into account that multiple acts of misconduct are distinguishable from isolated incidents and are therefore deserving of more serious sanctions. *Id.*

To his credit, Johnston has been candid about his conduct and about the source of his problem. However, the problem is not new. We cannot overlook that we are presented not with a single instance of neglect, but with a longstanding pattern of neglect. Neither can we overlook that lesser punishment in the form of private reprimands and suspension has not altered Johnston's behavior or that his failure to have complied with Neb. Ct. R. of Discipline 16 (rev. 1996) on this occasion makes him currently in contempt of this court. Lamentably, his past conduct demonstrates a lack of both present and future fitness to practice law.

## CONCLUSION

Just as a long history of neglecting client matters required that we disbar the respondent in *Doerr, supra,* the nature of the offenses, the need to deter others from similar misconduct, the need to maintain the reputation of the bar as a whole, and the need to protect the public require that we disbar Johnston, effective immediately.

JUDGMENT OF DISBARMENT.

FAHRNBRUCH, J., not participating.