STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, v. GORDON C. GOBEL, A MEMBER OF THE NEBRASKA STATE BAR ASSOCIATION, RESPONDENT.

271 N. W. 2d 41

Filed November 1, 1978. No. 41251.

Paul L. Douglas, Attorney General, and Chauncey C. Sheldon, for relator.

David S. Lathrop of Lathrop, Albracht & Swenson, for respondent.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

McCOWN, J.

This is a disciplinary proceeding brought against Gordon C. Gobel, a practicing member of the Nebraska State Bar Association. Charges of misconduct were filed against the respondent before the Committee on Inquiry of the Sixth Judicial District in the spring of 1976. Following hearing before that committee, and approval of formal charges by the State Advisory Committee, nine formal charges were filed in this court. The report of the referee found that the respondent had violated the provisions of the Code of Professional Responsibility with respect to five of the formal charges and recommended that respondent be suspended from the practice of law for a period of 1 month. No objections were made or exceptions taken to the referee's report. The respondent filed a motion for judgment on the report and recommendation of the referee. The motion was overruled and the matter was briefed, argued, and submitted to the court.

The respondent is 59 years old and has been practicing law in this state since 1948. The evidence established that the respondent had violated the provisions of the Code of Professional Responsibility with respect to five separate matters:

(1) Respondent, who was the attorney for the administratrix of an estate, after embezzlement by the administratrix was apparent to him, sent a "waiver" to the sole surviving heir of the estate. The "waiver" purported to relieve the administratrix of liability on her bond for unauthorized expenditures of estate funds. At the time the "waiver" was drafted and mailed, the respondent was the attorney for the administratrix, the resident agent for the surety on the bond of the administratrix, and the county attorney, whose duties included the enforcement of the statutes

pertaining to embezzlement. The referee found that the respondent, by such conduct, had violated Canon 5 and disciplinary rule DR 5-105 (B) of the Code of Professional Responsibility.

(2) The respondent, while county attorney, threatened that criminal charges of assault and battery would be filed against an individual if the individual attempted to interfere with certain activities of a private client of respondent.

(3) Respondent, while county attorney, threatened the debtor of a private client of respondent that unless certain money was paid immediately the respondent would file criminal charges against the debtor on the following day.

(4) Respondent, while county attorney, in an attempt to recover property or money from an individual on a civil claim on behalf of a private client, threatened to file felony charges against the individual unless payment was made within a specified time, and suggested that the matter might be compromised for a specified amount.

Charges 2, 3, and 4 involved threats to use criminal process to coerce the payment or adjustment of civil claims of private clients of respondent at a time when the respondent was the county attorney of Dodge County, Nebraska. The referee found that in each instance the respondent had violated Canon 7 and disciplinary rule DR 7-105 of the Code of Professional Responsibility.

(5) The respondent communicated directly with a party in writing when he knew the party was represented by another attorney. This action was in violation of disciplinary rule DR 7-104 of the Code of Professional Responsibility.

The evidence establishes that the respondent violated the Code of Professional Responsibility and disciplinary rules referred to as charged in each of the five instances. The referee recommended a period of suspension be imposed. The referee felt

that respondent's practice had already suffered substantially from the long pendency of this matter; that the more serious charges involved activities as county attorney; and that respondent has not held that office for some time, and repetition was unlikely. The referee therefore recommended a period of suspension of 1 month.

A lawyer is required to exercise independent professional judgment on behalf of a client and should represent a client zealously within the bounds of the law. See Canons 5 and 7, Code of Professional Responsibility.

While his actions may have been motivated by misjudgment rather than personal profit, the respondent here has violated specific disciplinary rules of the Code forbidding multiple employment and the representation of clients with conflicting interests; communicating with a party known to be represented by another lawyer without the prior consent of the other lawyer; and threatening criminal prosecution solely to obtain an advantage in a civil matter. See, Disciplinary Rules, DR 5-105 (B); DR 7-104 (A) (1); DR 7-105. The latter rule provides: "(A) A lawyer shall not present, participate in the presenting, or threaten to present criminal charges solely to obtain an advantage in a civil matter."

Criminal process is designed for the protection of society as a whole. Threatening to use, or using, the criminal process to coerce an adjustment of private civil claims or controversies is a subversion of that process and tends to diminish public confidence in the legal system. See EC 7-21, Code of Professional Responsibility.

Under the circumstances reflected in the record here, the recommended period of suspension is inadequate. We find that the respondent should be suspended from the practice of law for a period of 3 months from and after November 1, 1978. At the end of that period the suspension may be lifted upon

an affirmative showing by the respondent that he has not, during the period of his suspension, engaged in the practice of law in this or any other jurisdiction, and that during that time he has not engaged in any conduct which would subject him to discipline under the disciplinary rules if he were engaged in the practice of law, and that he will not do so in the future.

Costs of the proceeding are taxed to the respondent.

JUDGMENT OF SUSPENSION.