STATE OF NEBRASKA EX REL.
NEBRASKA STATE BAR ASSOCIATION, PETITIONER, V.
JUDITH L. OWENS, RESPONDENT.
615 N.W. 2d 489

Filed August 4, 2000.   No. S-00-468.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

The Committee on Inquiry of the Sixth Disciplinary District of the Nebraska State Bar Association (Committee), charged respondent, Judith L. Owens, on May 4, 2000, with violating her oath of office as an attorney and the following provisions of the Code of Professional Responsibility: Canon 1, DR 1-102(A)(1) and (5) and Canon 5, DR 5-101(A), which state as follows:

DR 1-102 Misconduct.

(A) A lawyer shall not:

(1) Violate a Disciplinary Rule.

. . . .

(5) Engage in conduct that is prejudicial to the administration of justice. . . .

. . . .

DR 5-101 Refusing Employment When the Interests of the Lawyer May Impair the Lawyer's Independent Professional Judgment.

(A) Except with the consent of his or her client after full disclosure, a lawyer shall not accept employment if the exercise of the lawyer's professional judgment on behalf of a client will be or reasonably may be affected by the lawyer's own financial, business, property, or personal interests.

Respondent was also charged with violating Canon 9 of the Code of Professional Responsibility entitled "A Lawyer Should Avoid Even the Appearance of Professional Impropriety."

On June 22, 2000, respondent filed with this court a conditional admission of guilt as to the formal charges.

Respondent was duly admitted to the practice of law in the State of Nebraska on September 14, 1978, has engaged in the practice of law in Dundy County, and at all times relevant to this matter was the Dundy County Attorney.

On or about January 2, 1999, James D. Owens, the brother of respondent, was issued uniform citation No. PA 1698056 for driving his automobile 77 miles per hour in a 60-mile-per-hour zone within Dundy County. While serving in her capacity as Dundy County Attorney, respondent, on or about January 6, reduced the charge to operating a motor vehicle at 70 miles per hour in a 60-mile-per-hour zone, thereby reducing the fine.

A complaint was received by the Counsel for Discipline. The Counsel for Discipline filed formal charges with the Committee, which held a hearing on December 20, 1999. Following the hearing, the Committee determined that respondent had violated the disciplinary rules and canon of ethics quoted above. On May 2, 2000, the Disciplinary Review Board concluded that the Committee's findings were correct and reasonable and that formal charges should be filed.

■ Respondent admits the facts as outlined in the formal charges and admits that she violated DR 1-102(A)(1) and (5), DR 5-101(A), and Canon 9. Based on the conditional admission of respondent and the recommendation of the Counsel for Discipline that a public reprimand is the appropriate sanction in this matter, this court finds by clear and convincing evidence that respondent has violated DR 1-102(A)(1) and (5), DR 5-101(A), and Canon 9, and that respondent should be publicly reprimanded. Thus, respondent is hereby publicly reprimanded for conduct in violation of the Code of Professional Responsibility and her oath of office as a member of the Nebraska State Bar Association.

JUDGMENT OF REPRIMAND.