STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, V. CAROLYN A. ROTHERY, RESPONDENT.

619 N.W. 2d 590

Filed December 1, 2000. No. S-00-852.

Hendry, C.J., Wright, Connolly, Gerrard, Stephan, McCormack, and Miller-Lerman, JJ.

Per Curiam.

## INTRODUCTION

On August 17, 2000, a formal charge was filed by the Committee on Inquiry of the Second Disciplinary District (Committee) of relator Nebraska State Bar Association (NSBA), alleging one count of attorney misconduct against respondent Carolyn A. Rothery, who was admitted to practice law in the State of Nebraska on September 14, 1978. On September 11, 2000, Rothery entered her appearance and acknowledged receipt of the summons and formal charge in the above-captioned matter. Rothery did not file an answer or any other type of responsive pleading to the formal charge. On October 16, relator moved for judgment on the pleadings pursuant to Neb. Ct. R. of Discipline 10(H) and (I) (rev. 2000). We grant the motion for judgment on the pleadings and suspend Rothery from the practice of law indefinitely, with a minimum of 1 year, effective immediately.

## STATEMENT OF FACTS

The formal charge states, inter alia, that Rothery practices law in Douglas and Sarpy Counties in Nebraska. On May 8, 1997, the Office of the Counsel for Discipline received a letter from Melissa Gregory alleging Rothery failed to act and failed to communicate with Gregory regarding her domestic relations case. On May 8, the Office of the Counsel for Discipline sent Rothery a copy of the complaint by certified mail, together with a letter advising Rothery that pursuant to the disciplinary rules of the Nebraska Supreme Court, Rothery was required to file an appropriate written response to Gregory's complaint within 15 working days and that failure to respond was a ground for discipline. The certified mail receipt indicated Rothery received the Gregory complaint and the Office of the Counsel for Discipline's letter on May 9.

Rothery did not respond to the Office of the Counsel for Discipline's May 8, 1997, letter, and thereafter, the Office of the Counsel for Discipline made numerous unsuccessful attempts to

contact Rothery regarding the Gregory complaint. The Office of the Counsel for Discipline wrote Rothery on June 4 and 18, advising her that it had not received her response to the Gregory complaint and that she needed to file a response. On July 7, the Office of the Counsel for Discipline telephoned Rothery at her home and left a message, requesting that Rothery contact the Office of the Counsel for Discipline using its toll-free telephone number. Rothery did not respond.

On July 8, 1997, the Office of the Counsel for Discipline sent another letter to Rothery by certified mail seeking her response to the Gregory complaint. On July 25, the Office of the Counsel for Discipline telephoned Rothery at the Sarpy County Attorney's office informing her of the need to respond to the Gregory complaint. That same day, the Office of the Counsel for Discipline sent Rothery a letter enclosing a copy of the Gregory complaint and asking for Rothery's response. Receiving no answer to any of these inquiries, the Office of the Counsel for Discipline sent Rothery a letter on September 15, 1997, addressed to her office at the Sarpy County Attorney's office, seeking Rothery's response to the Gregory complaint.

On October 6, 1997, the Office of the Counsel for Discipline sent to Rothery by certified mail a new complaint based upon her failure to respond in the Gregory case. Rothery did not respond to the new complaint. On November 5, the Office of the Counsel for Discipline mailed Rothery a letter reminding her of her obligation to respond to the second complaint. Rothery did not file any answer or responsive pleading to the second complaint.

In early 1998, the Office of the Counsel for Discipline received a complaint regarding Rothery from Marilyn Luttenegger, raising allegations that Rothery neglected a legal matter entrusted to her and failed to communicate with Luttenegger. On or about February 4, the Office of the Counsel for Discipline sent Rothery a copy of the Luttenegger complaint, together with a letter notifying Rothery that she was required to respond to the Luttenegger complaint within 15 working days. Rothery did not respond to the Luttenegger complaint, and on March 5 and April 15, the Office of the Counsel for Discipline sent Rothery letters asking for her response to the Luttenegger complaint.

On April 24, 1998, the Office of the Counsel for Discipline wrote Rothery seeking to schedule a hearing on the charges relating to the Gregory complaint. In the same letter, the Office of the Counsel for Discipline reminded Rothery that she had still not responded to the Luttenegger complaint.

On or about May 27, 1998, Rothery was sent a copy of the charges filed with the Committee relating to the Gregory complaint and her failure to respond to the Gregory complaint. Rothery was notified that a hearing would be held on these charges on June 18 at 4 p.m. On June 18 at 4 p.m., the Committee met as scheduled. Also in attendance were a court reporter, the complaining witness, and the Assistant Counsel for Discipline.

Rothery did not appear at the hearing. At approximately 4:15 p.m., the Assistant Counsel for Discipline telephoned Rothery to determine if she had left for the hearing. Rothery was still at her office. The Committee hearing proceeded, with Rothery participating by speaker telephone. Rothery admitted she had received the envelope containing the charges and the notice of hearing, but that she had not reviewed them. She asked for a continuance, which was granted by the Committee.

On June 29, 1998, the Office of the Counsel for Discipline wrote Rothery a fourth reminder letter regarding her failure to respond to the Luttenegger complaint.

On December 15, 1998, in a letter addressed to the Assistant Council for Discipline, Rothery apologized for failing to respond to the Luttenegger complaint and stated that she "released" any claim she might have for attorney fees. Rothery did not, however, address in her letter any of the allegations raised against her in the Luttenegger complaint.

On September 28, 1999, the Committee conducted a hearing on the charges raised against Rothery relating to the Gregory complaint and Rothery's failure to respond to the Gregory complaint. At the time of the September 28 hearing, Rothery had not responded to the allegations of the Gregory complaint, the Luttenegger complaint, or the complaint relating to Rothery's failure to answer the Gregory complaint.

After the Committee hearing, it was determined that formal charges should be filed against Rothery. The formal charge filed

in this case alleges that Rothery has violated Canon 1, DR 1-102(A)(1) and (5), of the Code of Professional Responsibility, which provides as follows: "DR 1-102 Misconduct. (A) A lawyer shall not: (1) Violate a Disciplinary Rule . . . (5) Engage in conduct that is prejudicial to the administration of justice." As stated above, Rothery has entered her voluntary appearance in this matter but she has not filed any responsive pleading to the formal charge.

## ANALYSIS

Pursuant to rule 10(I) of the Disciplinary Rules, "[i]f no answer be filed [in response to formal charges] within the time limited therefor . . . the matter may be disposed of by the Court on its own motion or on a motion for judgment on the pleadings." We find that the requirements of rule 10(I) have been satisfied and see no reason why a judgment on the pleadings should not be granted. Based on the foregoing, this court finds by clear and convincing evidence that Rothery violated DR 1-102(A)(1) and (5).

To determine whether and to what extent discipline should be imposed in a lawyer discipline proceeding, this court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law. See *State ex rel. NSBA v. Howze, ante* p. 547, 618 N.W.2d 663 (2000). Each case justifying discipline of an attorney must be evaluated individually in light of the particular facts and circumstances of that case. *Id.*

Neb. Ct. R. of Discipline 9(E) (rev. 2000) states, inter alia, that

> [u]pon receipt of notice of a complaint from the Counsel for Discipline, the member against whom the complaint is directed shall prepare and submit to the Counsel for Discipline, in writing, within fifteen working days of receipt of such notice, an appropriate response to the complaint, or a response stating that the member refuses to answer substantively and explicitly asserting constitutional or other grounds therefor.

Neb. Ct. R. of Discipline 3(B) (rev. 2000) provides that "[a]cts or omissions by a member . . . which violate . . . provisions of these rules, shall be grounds for discipline . . . ."

■ We view an attorney's failure to respond to inquiries and requests for information from the Office of the Counsel for Discipline as a grave matter and as a threat to the credibility of attorney disciplinary proceedings. "The disciplinary process as a whole must function effectively in order for the public to have confidence in the integrity of the profession and to be protected from unscrupulous acts." *State ex rel. NSBA v. Mefferd*, 258 Neb. 616, 626, 604 N.W.2d 839, 847 (2000). Rothery's refusal to reply to repeated inquiries from the Office of the Counsel for Discipline demonstrates nothing less than a total "disrespect for our disciplinary jurisdiction and [a] lack of concern for the protection of the public, the profession, and the administration of justice." See *State ex rel. NSBA v. Kirshen*, 232 Neb. 445, 473, 441 N.W.2d 161, 178 (1989).

■ In considering the appropriate sanction for Rothery's actions, we note that the propriety of a sanction must be considered with reference to the sanctions we have imposed in prior similar cases. *State ex rel. NSBA v. Mefferd, supra*. In *State ex rel. NSBA v. Simmons*, 259 Neb. 120, 608 N.W.2d 174 (2000), we suspended Simmons for 90 days for failing to respond to requests for information from the Office of the Counsel for Discipline as well as for mishandling certain litigation. In *Simmons*, we noted the presence of certain mitigating factors such as Simmons' poor health and family difficulties, factors which are not apparent from the pleadings upon which we decide the instant case. In *State ex rel. NSBA v. Kirshen, supra*, we entered a judgment of disbarment, in part due to Kirshen's failure to respond to correspondence from the Office of the Counsel for Discipline and in part due to Kirshen's mishandling of an estate. Finally, in *State ex rel. NSBA v. Mefferd, supra*, we suspended Mefferd from the practice of law for 1 year due to Mefferd's (1) failure to respond appropriately and on a timely basis to inquiries from the Office of the Counsel for Discipline, (2) failure to remit funds to a client, and (3) neglect of a legal matter entrusted to him.

In light of the foregoing precedent and the particular facts of this case, and with no mitigating circumstances apparent from the pleadings, we find and hereby order that Rothery should be indefinitely suspended from the practice of law in the State of Nebraska, with a minimum suspension of 1 year, effective immediately. Rothery may apply for reinstatement in accordance with the Nebraska Supreme Court Rules of Discipline, which application shall include a showing which demonstrates her fitness to practice law. Rothery is directed to file an affidavit complying with Neb. Ct. R. of Discipline 16 (rev. 2000).

JUDGMENT OF SUSPENSION.