STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, V. RONALD E. FRANK, RESPONDENT.

631 N.W.2d 485

Filed July 27, 2001.   No. S-00-853.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

On August 17, 2000, formal charges were filed by the Committee on Inquiry of the Second Disciplinary District of relator Nebraska State Bar Association against respondent Ronald E. Frank. Also on August 17, amended formal charges consisting of two counts were filed against Frank by the Disciplinary Review Board. A referee was appointed and heard evidence. With respect to count I, the referee found that the allegations had not been established by clear and convincing evidence. With respect to count II, the referee found sufficient evidence and recommended a public reprimand. Our opinion discusses only count II.

The amended formal charges alleged, inter alia, that Frank violated the following provisions of the Code of Professional Responsibility: Canon 1, DR 1-102(A)(1) and (5), and Canon 5, DR 5-105(A) and (B). DR 1-102(A)(1) and (5) provide: "(A) A lawyer shall not: (1) Violate a Disciplinary Rule. . . . (5) Engage in conduct that is prejudicial to the administration of justice." DR 5-105(A) and (B) provide:

(A) A lawyer shall decline proffered employment if the exercise of the lawyer's independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, or if it would be likely to involve the lawyer in representing differing interests . . . .

(B) A lawyer shall not continue multiple employment if the exercise of his or her independent professional judgment

in behalf of a client will be or is likely to be adversely affected by the lawyer's representation of another client, or if it would be likely to involve the lawyer in representing differing interests . . . .

The amended formal charges also alleged Frank violated his oath as an attorney. See Neb. Rev. Stat. § 7-104 (Reissue 1997).

On September 14, 2000, Frank filed an answer to the amended formal charges, admitting certain of the allegations, but denying that he had violated either the disciplinary rules or his oath as an attorney. On September 21, this court appointed a referee to hear evidence and make a recommendation as to the appropriate sanction to be imposed. A referee hearing was held on November 8, at which hearing evidence was adduced and argument was made. On February 6, 2001, the referee filed his report, and on February 12, he filed his revised report (hereinafter report).

The parties did not file written exceptions to the referee's report. Relator has filed a motion under Neb. Ct. R. of Discipline 10(L) (rev. 2001), which provides that when no exceptions are filed, the Nebraska Supreme Court may consider the referee's findings final and conclusive. Based upon the findings in the referee's report, which we consider to be final and conclusive, we conclude the formal charges are supported by the evidence.

The relator's burden of proof in disciplinary proceedings is to establish the allegations set forth in the formal charges against the attorney by clear and convincing evidence. See, *State ex rel. NSBA v. Jensen*, 260 Neb. 803, 619 N.W.2d 840 (2000); *State ex rel. NSBA v. Freese*, 259 Neb. 530, 611 N.W.2d 80 (2000). Based on the final and conclusive findings in the referee's report, relator's motion under rule 10(L) is granted, and Frank is publicly reprimanded as set forth below.

## FACTS

The substance of the referee's findings may be summarized as follows: Frank was admitted to practice law in the State of Nebraska on January 25, 1973. Since 1981, he has been employed as an attorney employee of the Sodoro, Daly & Sodoro, P.C., law firm (Sodoro firm) in Omaha, where he continued to be employed at the time of the referee's report. The Sodoro firm concentrates its practice primarily in the area of

insurance defense litigation. One of its primary clients is St. Paul Insurance Company (St. Paul), which the Sodoro firm represents in both Iowa and Nebraska. During the period from 1992 through 1997, Frank, on behalf of the Sodoro firm, represented St. Paul in insurance defense matters.

In 1992, Frank served as cocounsel in a claim involving Iowa law with Sheldon Gallner, a licensed Iowa attorney. The claim concerned Donald Peterson, a workers' compensation and personal injury client, who had contacted Frank to represent him in an Iowa workers' compensation claim. Believing Gallner to be an experienced Iowa workers' compensation attorney, Frank referred Peterson to Gallner. Frank had no agreement with Gallner or Peterson regarding the extent of Frank's involvement in the claim or his fees. Frank worked on the Peterson claim, providing Gallner with copies of Peterson's medical records, as well as conducting telephone conferences with Peterson and Gallner. Frank did not participate in any discovery meetings with expert witnesses or document evaluation. Frank did not prepare pleadings or correspondence. In October 1992, Frank received $20,670 in fees from Gallner for his work on the Peterson claim.

Prior to his participation in the Peterson matter, Frank did not determine whether or not he had a conflict of interest in representing Peterson in Peterson's Iowa workers' compensation claim. In particular, Frank did not attempt to discover the identity of the employer's insurance carrier defending against Peterson's claim in Iowa until 1998. The insurance carrier was St. Paul.

The referee concluded that Frank was representing Peterson in a claim against St. Paul at the same time he was representing St. Paul in other matters. The referee found that although Frank did not know he was representing clients with differing interests, he was not excused by his ignorance, concluding that such representation may have diluted Frank's loyalty or undermined his efforts to represent either or both of his clients effectively.

In addition to the facts recited above, the referee noted in his report that the conflict of interest arose from Frank's "negligence" rather than an intentional act to benefit himself or another client. The referee found no evidence that any client was harmed. The referee also noted that Frank had cooperated fully in the disciplinary proceedings and had shown an attitude of

regret and remorse. The referee found that Frank was not a threat to the public.

The referee found that Frank had demonstrated his commitment to the legal profession and the community by serving as the chair of the Nebraska State Bar Association's workers' compensation section, serving on the Omaha Bar Association's domestic relations committee, presenting continuing legal education seminars, contributing to the workers' compensation manual, and serving on Omaha's human relations board.

The referee stated that the record contained 27 affidavits from lawyers and judges whom Frank knew professionally as a result of his years in practice. The affidavits attested to Frank's competence, professionalism, honesty, integrity, commitment to his clients, and fitness to practice law. Some of the affidavits referred to Frank's civic and community involvement, his volunteer coaching of youth sports, his commitment to his profession, and his dedication to his family.

In his report, the referee specifically found by clear and convincing evidence that Frank had violated DR 1-102(A)(1) and (5), DR 5-105(A) and (B), and his oath as an attorney. With respect to the sanction which ought to be imposed for the foregoing violations and considering the mitigating factors the referee found present in the case, the referee recommended that Frank be publicly reprimanded.

## ANALYSIS

A proceeding to discipline an attorney is a trial de novo on the record, in which this court reaches a conclusion independent of the findings of the referee; provided, however, that when the credible evidence is in conflict on a material issue of fact, the court considers and may give weight to the fact that the referee heard and observed the witnesses and accepted one version of the facts rather than another. *State ex rel. NSBA v. Mefferd*, 258 Neb. 616, 604 N.W.2d 839 (2000). To sustain a charge in a disciplinary proceeding against an attorney, a charge must be established by clear and convincing evidence. *Id.*

Based on the record and the undisputed findings of the referee, we find that the above-recited facts have been established by clear and convincing evidence. Based on the foregoing evidence, we conclude that by virtue of Frank's conflict of

interest in representing Peterson in a claim against St. Paul, Frank has violated DR 1-102(A)(1) and (5) and DR 5-105(A) and (B). We further conclude that Frank has violated the attorney's oath of office. See § 7-104.

We have stated that "[t]he basic issues in a disciplinary proceeding against a lawyer are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances." *State ex rel. NSBA v. Brown*, 251 Neb. 815, 821, 560 N.W.2d 123, 128 (1997). Accord *State ex rel. NSBA v. Gridley*, 249 Neb. 804, 545 N.W.2d 737 (1996). Neb. Ct. R. of Discipline 4 (rev. 2001) provides that the following may be considered by the court as sanctions for attorney misconduct: (1) disbarment; (2) suspension for a fixed period of time; (3) probation in lieu of suspension, on such terms as the court may designate; (4) censure and reprimand; or (5) temporary suspension.

With respect to the imposition of attorney discipline in an individual case, we have stated that "[e]ach case justifying discipline of an attorney must be evaluated individually in light of the particular facts and circumstances of that case." *State ex rel. NSBA v. Rothery*, 260 Neb. 762, 766, 619 N.W.2d 590, 593 (2000). For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding. *State ex rel. NSBA v. Freese*, 259 Neb. 530, 611 N.W.2d 80 (2000); *State ex rel. NSBA v. Denton*, 258 Neb. 600, 604 N.W.2d 832 (2000). We have previously set out the factors which we consider in determining whether and to what extent discipline should be imposed:

> To determine whether and to what extent discipline should be imposed in a lawyer discipline proceeding, this court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law.

*State ex rel. NSBA v. Rothery*, 260 Neb. at 766, 619 N.W.2d at 593. Accord, *State ex rel. NSBA v. Howze*, 260 Neb. 547, 618 N.W.2d 663 (2000); *State ex rel. NSBA v. Mefferd*, 258 Neb. 616, 604 N.W.2d 839 (2000).

██ We have noted that "[t]he determination of an appropriate penalty to be imposed on an attorney also requires consideration of any mitigating factors." *State ex rel. NSBA v. McArthur*, 257 Neb. 618, 631, 599 N.W.2d 592, 601 (1999). An isolated incident not representing a pattern of conduct is considered as a factor in mitigation. *State ex rel. NSBA v. Bruckner*, 249 Neb. 361, 543 N.W.2d 451 (1996). Finally, the propriety of a sanction must be considered with reference to the sanctions imposed by this court in prior cases presenting similar circumstances. *State ex rel. NSBA v. Rothery, supra*; *State ex rel. NSBA v. Jensen, supra*. In this regard, we review cases involving conflicts of interest under DR 5-105.

In *State ex rel. NSBA v. Freese, supra*, the respondent was found to have a conflict of interest when he represented both the husband and wife in a personal injury claim and, while the personal injury claim was pending, represented the wife in a divorce action against the husband and represented the husband in certain criminal matters. Furthermore, during the pendency of all three proceedings, the respondent engaged in a sexual relationship with the wife. The respondent also was found to have neglected an unrelated estate matter. As a result of this misconduct which we found violated DR 1-102(A)(1) and (5); DR 5-101(A) and DR 5-105(A) through (C); Canon 6, DR 6-101(A)(3); and the attorney's oath of office, we suspended the respondent from the practice of law for 18 months.

In *State ex rel. NSBA v. Douglas*, 227 Neb. 1, 416 N.W.2d 515 (1987), the former State Attorney General was found to have violated numerous disciplinary rules, including DR 5-105, during his tenure as Attorney General, when he failed to disclose prior business and legal dealings he had had with a savings company and its director and failed to withdraw from a state investigation of the savings company and director involving allegations of illegal activities. As a result of multiple rules violations, the respondent was suspended from the practice of law for 4 years.

In *State ex rel. Nebraska State Bar Assn. v. Dunker*, 203 Neb. 589, 279 N.W.2d 609 (1979), we suspended the respondent from the practice of law for 1 year, after the referee concluded that the respondent had committed nine separate acts of misconduct, including violating DR 5-105. One of the factors we considered

in imposing the suspension was the respondent's prior involvement in a disciplinary proceeding.

In *State ex rel. Nebraska State Bar Assn. v. Hollstein*, 202 Neb. 40, 274 N.W.2d 508 (1979), we publicly reprimanded the respondent who violated DR 5-105 when he voluntarily represented a defendant in a criminal proceeding while serving as part-time city prosecutor.

In *State ex rel. Nebraska State Bar Assn. v. Gobel*, 201 Neb. 586, 271 N.W.2d 41 (1978), we suspended the respondent for 3 months when he violated DR 5-105 by representing clients with conflicting interests; violated Canon 7, DR 7-104, by directly contacting a party whom he knew to be represented by counsel; and violated DR 7-105 by threatening criminal prosecution to obtain an advantage in a civil proceeding.

These cases demonstrate that this court has imposed differing sanctions for cases involving violations of DR 5-105 and that the degree of the punishment is dependent upon the factors present in each case. In the instant action, the referee has recommended a public reprimand. Previously, this court has ordered a public reprimand and probation in a case in which the attorney admitted to failing to maintain a balance in his trust account equal to or greater than his obligation to a client whose funds had been deposited in the account. See *State ex rel. NSBA v. Kratina*, 260 Neb. 1030, 620 N.W.2d 748 (2001). We noted in the opinion that the respondent had cooperated in the disciplinary proceeding. In *State ex rel. NSBA v. Owens*, 260 Neb. 164, 615 N.W.2d 489 (2000), we publicly reprimanded a county attorney who had reduced the charge her brother had received on a speeding ticket, thereby lowering his fine. In *State ex rel. Nebraska State Bar Assn. v. Divis*, 212 Neb. 699, 325 N.W.2d 652 (1982), we concluded that the respondent, who had neglected certain legal matters entrusted to him resulting in unnecessary delay, should be publicly reprimanded for his misconduct and placed on probation.

The evidence in the present case establishes, inter alia, that at the time he was representing Peterson in a claim against St. Paul, Frank was also representing St. Paul in unrelated litigation. Pursuant to DR 5-105, Frank had an ethical obligation to decline representation involving differing interests, and to

discontinue representing multiple clients if such representation involved differing interests. See DR 5-105(A) and (B). As a result of his conduct, Frank has violated DR 5-105(A) and (B), as well as DR 1-102(A)(1) and (5), which prohibits a lawyer from engaging in conduct violating a disciplinary rule and from engaging in conduct prejudicial to the administration of justice. Frank has also violated his oath as an attorney. See § 7-104.

As mitigating factors, we note the isolated nature of Frank's misconduct, his cooperation during the disciplinary proceedings, his continuing commitment to the legal profession and the community, and the lack of evidence of any harm to the clients.

We have considered the record, the findings which have been established by clear and convincing evidence, and the applicable law. Upon due consideration, this court agrees with the referee's recommendation and finds that Frank should be publicly reprimanded. Thus, Frank is hereby publicly reprimanded for conduct in violation of the Code of Professional Responsibility and his oath of office as a member of the Nebraska State Bar Association. Pursuant to Neb. Ct. R. of Discipline 23(B) (rev. 2001), costs and expenses are taxed to Frank.

JUDGMENT OF PUBLIC REPRIMAND.