STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE OF THE NEBRASKA SUPREME COURT, RELATOR, V. WILLIAM P. RICKABAUGH, RESPONDENT.

647 N.W.2d 641

Filed July 19, 2002.   No. S-01-941.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MILLER-LERMAN, JJ.

Per Curiam.

## INTRODUCTION

On August 20, 2001, formal charges were filed by the office of the Counsel for Discipline of the Nebraska Supreme Court, relator, against respondent, William P. Rickabaugh. Respondent's answer disputed certain allegations. His answer admitted other allegations, but pled a defense to those allegations. A referee was appointed and heard evidence. The referee filed a report on March 8, 2002. With respect to both counts I and II, the referee concluded that respondent's conduct had breached disciplinary rules of the Code of Professional Responsibility. The referee made no finding as to whether respondent had violated his oath as an attorney. See Neb. Rev. Stat. § 7-104 (Reissue 1997). The referee recommended disbarment. Neither relator nor respondent filed exceptions to the referee's report.

## FACTS

Respondent was admitted to the practice of law in Nebraska on September 14, 1992. He has practiced law in Douglas County.

The substance of the referee's findings may be summarized as follows: In regard to count I, respondent advised Randall Davis and his business associate David Mutum (the clients) regarding collective bargaining agreements but failed to inform them that he was not qualified, either by experience or training, to give such advice. Respondent also represented the clients and their companies as defendants in a lawsuit concerning the collective bargaining agreements which was filed in federal court. Respondent failed to inform the clients that he was not qualified, either by experience or training, to handle the representation of a lawsuit in federal court. Respondent failed to keep the clients advised of developments in the case, including settlement negotiations, and failed to review settlement documents with the clients or to explain to them the import of such documents.

In regard to count II, respondent created fictitious pleadings and forged a judge's signature in an attempt to persuade Davis that respondent had filed a lawsuit and obtained a judgment in favor of one of Davis' companies against another company. The referee rejected respondent's asserted defense that he had created the fictitious pleadings to appease Davis in order to prevent

possible unspecified violence by Davis. Respondent could not identify any specific threat of violence which had been made.

In his report, the referee specifically found by clear and convincing evidence that respondent had violated the disciplinary rules, "DR 1-102, DR 6-101, and DR 7-102 as set forth in the Relator's Formal Charges." The specific provisions alleged in the formal charges are in regard to count I, Canon 1, DR 1-102(A)(1), violating a disciplinary rule, and DR 1-102(A)(4), dishonesty; Canon 6, DR 6-101(A)(1), handling matter not competent to handle, DR 6-101(A)(2), handling matter without adequate preparation, and DR 6-101(A)(3), neglect; and Canon 7, DR 7-102(A)(3), concealing or failing to disclose facts, and DR 7-102(A)(5), false statement. In regard to count II, the charges are DR 1-102(A)(1), violating a disciplinary rule, DR 1-102(A)(4), dishonesty; DR 1-102(A)(5), conduct prejudicial to administration of justice; DR 1-102(A)(6), conduct adversely reflecting on fitness to practice; DR 6-101(A)(3), neglect; and DR 7-102(A)(5), false statement. We understand the referee's statement to be a finding that these specific provisions were violated. With respect to the sanction which ought to be imposed for the foregoing violations, the referee recommended disbarment.

## ANALYSIS

In view of the fact that neither party filed written exceptions to the referee's report, relator filed a motion under Neb. Ct. R. of Discipline 10(L) (rev. 2001). When no exceptions are filed, the Nebraska Supreme Court may consider the referee's findings final and conclusive. *State ex rel. Counsel for Dis. v. Apker*, 263 Neb. 741, 642 N.W.2d 162 (2002). Based upon the findings in the referee's report, which we consider to be final and conclusive, we conclude the formal charges are supported by clear and convincing evidence.

A proceeding to discipline an attorney is a trial de novo on the record. *Apker, supra.* To sustain a charge in a disciplinary proceeding against an attorney, a charge must be established by clear and convincing evidence. *Id.* Violation of a disciplinary rule concerning the practice of law is a ground for discipline. *Id.*

Based on the record and the undisputed findings of the referee, we find that the above-referenced facts have been established by

clear and convincing evidence. Based on the foregoing evidence, we conclude that by virtue of respondent's conduct, respondent has violated DR 1-102(A)(1), (4), (5), and (6); DR 6-101(A)(1), (2), and (3); and DR 7-102(A)(3) and (5). Although the referee made no finding in this regard, we conclude that respondent has violated the attorney's oath of office. See § 7-104.

We have stated that " '[t]he basic issues in a disciplinary proceeding against a lawyer are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances.' " *State ex rel. NSBA v. Frank*, 262 Neb. 299, 304, 631 N.W.2d 485, 490 (2001) (quoting *State ex rel. NSBA v. Brown*, 251 Neb. 815, 560 N.W.2d 123 (1997)). Neb. Ct. R. of Discipline 4 (rev. 2001) provides that the following may be considered by the court as sanctions for attorney misconduct: (1) disbarment; (2) suspension for a fixed period of time; (3) probation in lieu of suspension, on such terms as the court may designate; (4) censure and reprimand; or (5) temporary suspension.

With respect to the imposition of attorney discipline in an individual case, we have stated that " '[e]ach case justifying discipline of an attorney must be evaluated individually in light of the particular facts and circumstances of that case.' " *Frank*, 262 Neb. at 304, 631 N.W.2d at 490 (quoting *State ex rel. NSBA v. Rothery*, 260 Neb. 762, 619 N.W.2d 590 (2000)). For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding. *Frank, supra; State ex rel. NSBA v. Freese*, 259 Neb. 530, 611 N.W.2d 80 (2000); *State ex rel. NSBA v. Denton*, 258 Neb. 600, 604 N.W.2d 832 (2000).

To determine whether and to what extent discipline should be imposed in a lawyer discipline proceeding, this court considers the following facts: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law. *Apker, supra; State ex rel. NSBA v. Gallner*, 263 Neb. 135, 638 N.W.2d 819 (2002).

We have noted that the determination of an appropriate penalty to be imposed on an attorney requires consideration of

any mitigating factors. *Apker, supra*; *State ex rel. NSBA v. Abrahamson,* 262 Neb. 632, 634 N.W.2d 462 (2001).

The evidence in the present case establishes, inter alia, that respondent handled legal matters which he knew or should have known he was not competent to handle, without associating with a lawyer who was competent to handle the matters, and without adequately preparing himself to handle the matters. Respondent failed to keep his clients informed of the progress of the pending matters and negotiated and entered into a settlement agreement on behalf of the clients without the clients' knowledge. In addition, respondent knowingly made false statements of fact by representing to his client that he had filed a lawsuit and gained a favorable judgment on behalf of the client. In perpetrating this falsehood, respondent went so far as to create fictitious pleadings and to forge the signature of a judge. Respondent's asserted defense to count II was not believed by the referee, and respondent was unable to provide specific evidence to substantiate his claimed defense.

Respondent does not appear to have established factors to mitigate his breach of disciplinary rules, although the referee noted that he was generally cooperative with respect to the disciplinary proceeding. Respondent admitted the allegations of count II, and in regard to count I, according to an exhibit in the record, respondent admitted to the clients that his handling of the collective bargaining agreement matter amounted to "attorney malpractice." Respondent eventually paid the litigation settlement and other costs on behalf of the clients.

With respect to the seriousness of respondent's offenses, we conclude that the manner in which respondent mishandled the matters discussed above, especially the forging of a judge's signature, amount to conduct that was prejudicial to the administration of justice. See, e.g., *State ex rel. NSBA v. Ebersold,* 253 Neb. 19, 567 N.W.2d 307 (1997) (disbarring attorney where attorney falsely indicated judge had signed decree when in fact judge had not). We have considered the record, the findings which have been established by clear and convincing evidence, and the applicable law. Upon due consideration, the court agrees with the referee's recommendation and finds that respondent should be disbarred.

## CONCLUSION

The motion for judgment on the pleadings is granted. It is the judgment of this court that respondent should be disbarred, and we therefore order him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent is directed to comply with Neb. Ct. R. of Discipline 16 (rev. 2001), and upon failure to do so, respondent shall be subject to punishment for contempt of this court. Respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. § 7-114 (Reissue 1997) and Neb. Ct. R. of Discipline 23 (rev. 2001).

JUDGMENT OF DISBARMENT.

McCORMACK, J., not participating.