STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR, V.
JUDITH A. SPINDLER, RESPONDENT.
648 N.W.2d 319

Filed July 26, 2002. No. S-02-342.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

On March 29, 2002, formal charges were filed by the office of the Counsel for Discipline of the Nebraska Supreme Court, relator, against respondent, Judith A. Spindler. Respondent did not file an answer or any type of responsive pleading to the formal charges. On May 6, relator moved for judgment on the pleadings pursuant to Neb. Ct. R. of Discipline 10(I) (rev. 2001).

## FACTS

The substance of the formal charges may be summarized as follows:

Respondent was admitted to the practice of law in the State of Nebraska on September 8, 1982. She has practiced in Douglas County.

The formal charges are divided into six counts. Counts I through V involve respondent's conduct in the handling of five different clients' bankruptcy cases. The detailed facts underlying each of counts I through V are similar, and as respondent has not filed an answer or other responsive pleading disputing the same, are not repeated here. In summary, the formal charges allege that during the period from May to August 2000, respondent was contacted by five different clients, couples or individuals, to represent them in the filing of bankruptcy proceedings. Respondent met with each of the clients, was paid all or a portion of the agreed-upon attorney fee by the clients, promised to take certain action on behalf of the clients in the bankruptcy proceedings, and then failed to perform as promised. The clients each attempted numerous times, unsuccessfully, to contact respondent by telephone and

by mail. Thereafter, each of the clients filed a grievance with the Counsel for Discipline's office regarding respondent's conduct. Despite the filing of the grievances, respondent failed to refund all or even a portion of the fees advanced by the clients.

Based upon this conduct, the formal charges allege respondent had violated Canon 1, DR 1-102(A)(1) (disciplinary rule violation); Canon 2, DR 2-106(A) (excessive fee), DR 2-110(A)(2) (withdrawal from employment), and DR 2-110(A)(3) (refund of fees); Canon 6, DR 6-101(A)(3) (neglect); Canon 7, DR 7-101(A)(2) (failure to perform contract); and the attorney's oath of office.

Count VI involves respondent's failure to respond to written inquiries from the Counsel for Discipline's office regarding the grievances filed against respondent. Again, the detailed facts underlying count VI are not repeated here, as respondent has not filed an answer or other responsive pleading disputing the same. In summary, the formal charges allege that for each of the five grievances, respondent was sent a letter by the Counsel for Discipline's office, requesting an "appropriate written response within 15 working days." For each of the five grievances, respondent failed to submit a written response. Based upon this conduct, the formal charges allege respondent violated DR 1-102(A)(1) and (5) (engaging in conduct prejudicial to administration of justice); DR 6-101(A)(3) (neglect); Neb. Ct. R. of Discipline 3 and 9(E) (rev. 2001) (requiring response to grievance); and the attorney's oath of office.

## ANALYSIS

Pursuant to rule 10(I) of the disciplinary rules, "[i]f no answer be filed [in response to formal charges] within the time limited therefor . . . the matter may be disposed of by the Court on its own motion or on a motion for judgment on the pleadings." We find that the requirements of rule 10(I) have been satisfied and see no reason why a judgment on the pleadings should not be granted. Based on the foregoing, this court finds by clear and convincing evidence that Spindler violated DR 1-102(A)(1) and (5), DR 2-106(A), DR 2-110(A)(2) and (3), DR 6-101(A)(3), DR 7-101(A)(2), disciplinary rules 3 and 9(E), and the attorney's oath of office. See Neb. Rev. Stat. § 7-104 (Reissue 1997).

We have stated that " '[t]he basic issues in a disciplinary proceeding against a lawyer are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances.' " *State ex rel. NSBA v. Frank*, 262 Neb. 299, 304, 631 N.W.2d 485, 490 (2001) (quoting *State ex rel. NSBA v. Brown*, 251 Neb. 815, 560 N.W.2d 123 (1997)). Neb. Ct. R. of Discipline 4 (rev. 2001) provides that the following may be considered by the court as sanctions for attorney misconduct: (1) disbarment; (2) suspension for a fixed period of time; (3) probation in lieu of suspension, on such terms as the court may designate; (4) censure and reprimand; or (5) temporary suspension.

With respect to the imposition of attorney discipline in an individual case, we have stated that " '[e]ach case justifying discipline of an attorney must be evaluated individually in light of the particular facts and circumstances of that case.' " *Frank*, 262 Neb. at 304, 631 N.W.2d at 490 (quoting *State ex rel. NSBA v. Rothery*, 260 Neb. 762, 619 N.W.2d 590 (2000)). For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding. *Frank, supra*; *State ex rel. NSBA v. Freese*, 259 Neb. 530, 611 N.W.2d 80 (2000); *State ex rel. NSBA v. Denton*, 258 Neb. 600, 604 N.W.2d 832 (2000).

To determine whether and to what extent discipline should be imposed in a lawyer discipline proceeding, this court considers the following facts: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law. *State ex rel. Counsel for Dis. v. Apker*, 263 Neb. 741, 642 N.W.2d 162 (2002); *State ex rel. NSBA v. Gallner*, 263 Neb. 135, 638 N.W.2d 819 (2002).

We have noted that the determination of an appropriate penalty to be imposed on an attorney requires consideration of any mitigating factors. *Apker, supra*; *State ex rel. NSBA v. Abrahamson*, 262 Neb. 632, 634 N.W.2d 462 (2001).

The evidence in the present case establishes, inter alia, that respondent's conduct with respect to these matters violated several disciplinary rules and the attorney's oath of office. No mitigating factors are apparent from the pleadings in this case.

Factors weighing against respondent include her retention of client funds in the absence of commensurate work and despite the initiation of disciplinary proceedings against her and her failure to respond to inquiries and requests for information from the Counsel for Discipline's office. We have stated that absent mitigating circumstances, the appropriate discipline for an attorney in cases of misappropriation and commingling of client funds is disbarment. *State ex rel. Counsel for Dis. v. Huston,* 262 Neb. 481, 631 N.W.2d 913 (2001). We have also stated that ignoring inquiries from the Counsel for Discipline's office is conduct we view "as a grave matter and as a threat to the credibility of attorney disciplinary proceedings." *Rothery,* 260 Neb. at 767, 619 N.W.2d at 593.

We have considered the formal charges, the allegations of which have been established by clear and convincing evidence, and the applicable law. Upon due consideration, the court finds that respondent should be disbarred from the practice of law in the State of Nebraska.

## CONCLUSION

The motion for the judgment on the pleadings is granted. It is the judgment of this court that respondent should be disbarred from the practice of law in the State of Nebraska, and we therefore order respondent disbarred effective immediately. Respondent is directed to comply with Neb. Ct. R. of Discipline 16 (rev. 2001), and upon failure to do so, respondent shall be subject to punishment for contempt of this court. Respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. § 7-114 (Reissue 1997) and Neb. Ct. R. of Discipline 23 (rev. 2001).

JUDGMENT OF DISBARMENT.