648 N.W.2d 315 (2002)
264 Neb. 496
STATE of Nebraska ex rel. SPECIAL COUNSEL FOR DISCIPLINE OF THE NEBRASKA SUPREME COURT, Relator,
v.
Robert J. SIVICK, Respondent.
No. S-01-901.
Supreme Court of Nebraska.
July 26, 2002.
*316 WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
PER CURIAM.

INTRODUCTION
On August 9, 2001, formal charges were filed by the Special Counsel for Discipline of the Nebraska Supreme Court, relator, against respondent, Robert J. Sivick. Respondent disputed certain allegations. A referee was appointed and heard evidence. The referee filed a report on February 12, 2002. With respect to counts I, II, and III, the referee concluded that respondent's conduct breached disciplinary rules of the Code of Professional Responsibility and his oath as an attorney, see Neb.Rev. Stat. § 7-104 (Reissue 1997), and recommended specified discipline. Neither relator nor respondent filed exceptions to the referee's report.

FACTS
Respondent was admitted to the practice of law in the State of Nebraska on September 13, 1988. He has practiced law primarily in Douglas County.
The substance of the referee's findings may be summarized as follows:
Count I generally involves an incident which occurred on March 2, 2000, in which respondent engaged in an angry personal conversation in open court with a judge of the county court for Douglas County following the judge's public criticism of a fellow judge, the latter of whom is respondent's spouse. It is a matter of public record that the Nebraska Commission on Judicial Qualifications found that the judge's "insistence on making a heated private conversation public, and participation in an angry dispute in open court" was inappropriate. The judge was reprimanded. See In re Complaint Against Prochaska, No. S-35-010005 (Neb. Comm. on Jud. Qual. May 17, 2002). Among the comments included in this exchange, respondent questioned the impartiality of the judge's decision in a pending case. The referee found by clear and convincing evidence that respondent had admitted that he yelled at the judge, that he interrupted the judge, and that he was rude. The referee also found by clear and convincing evidence that respondent's "tirade" adversely reflects on respondent's fitness to practice law in violation of Canon 1, DR 1-102(A)(6); that by virtue of his remarks regarding the pending case, he engaged in undignified or discourteous conduct which *317 is degrading to the tribunal while appearing in his professional capacity, in violation of Canon 7, DR 7-106(C)(6); and that the foregoing violations of disciplinary rules violated DR 1-102(A)(1).
Count II generally involves a letter respondent wrote to Chief Justice John V. Hendry on July 27, 2000, regarding both the March 2 incident referred to in count I and a subsequent appearance by respondent in front of the same judge on June 15. The referee found by clear and convincing evidence that the letter contained numerous false statements regarding various matters, including the judge's handling of the pending case referred to in count I without respondent's investigating the accuracy of his accusatory statements, and thus, that respondent had made false accusations against a judge, in violation of Canon 8, DR 8-102(B). The referee also found by clear and convincing evidence that respondent had engaged in conduct that adversely reflected on his fitness to practice law, in violation of DR 1-102(A)(6); engaged in conduct that was prejudicial to the administration of justice, in violation of DR 1-102(A)(5); knowingly made false statements of law or fact in representation of a client, in violation of Canon 7, DR 7-102(A)(5); and violated DR 1-102(A)(1) through the foregoing violations of disciplinary rules.
Count III generally involves the course of this disciplinary proceeding. A letter of complaint was received by the office of the Counsel for Discipline on August 23, 2000, regarding respondent's conduct on March 2 and June 15 before the judge referred to in count I. The referee found by clear and convincing evidence that respondent failed to substantively respond to the office of the Counsel for Discipline's and the special counsel's inquiries regarding the matters raised in the letter of complaint without excuse and that such failures were prejudicial to the administration of justice, in violation of DR 1-102(A)(5), and that respondent violated a disciplinary rule, constituting a violation of DR 1-102(A)(1). The referee also found by clear and convincing evidence that respondent violated his oath of office as an attorney. See § 7-104.
As summarized above, in his report, the referee specifically found by clear and convincing evidence that respondent had violated the disciplinary rules recited above and his oath as an attorney. With respect to the discipline which ought to be imposed for the foregoing violations, and considering the mitigating and aggravating factors the referee found present in the case, the referee recommended respondent receive a public reprimand and probation for a period no less than 1 year.

ANALYSIS
In view of the fact that neither party filed written exceptions to the referee's report, relator filed a motion under Neb. Ct. R. of Discipline 10(L) (rev.2001). When no exceptions are filed, the Nebraska Supreme Court may consider the referee's findings final and conclusive. State ex rel. Counsel for Dis. v. Apker, 263 Neb. 741, 642 N.W.2d 162 (2002). Based upon the findings in the referee's report, which we consider to be final and conclusive, we conclude the formal charges are supported by clear and convincing evidence.
A proceeding to discipline an attorney is a trial de novo on the record. Apker, supra. To sustain a charge in a disciplinary proceeding against an attorney, a charge must be established by clear and convincing evidence. Id. Violation of a disciplinary rule concerning the practice of law is ground for discipline. Id.
Based on the record and the undisputed findings of the referee, we find that the *318 above-referenced facts have been established by clear and convincing evidence. Based on the foregoing evidence, we conclude that by virtue of respondent's conduct, respondent has violated DR 1-102(A)(1), (5), and (6); DR 7-102(A)(5); DR 7-106(C)(6); and DR 8-102(B). We further conclude that respondent has violated the attorney's oath of office. See § 7-104.
We have stated that "`[t]he basic issues in a disciplinary proceeding against a lawyer are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances.'" State ex rel. NSBA v. Frank, 262 Neb. 299, 304, 631 N.W.2d 485, 490 (2001) (quoting State ex rel. NSBA v. Brown, 251 Neb. 815, 560 N.W.2d 123 (1997)). Neb. Ct. R. of Discipline 4 (rev.2001) provides that the following may be considered by the court as sanctions for attorney misconduct: (1) disbarment; (2) suspension for a fixed period of time; (3) probation in lieu of suspension, on such terms as the court may designate; (4) censure and reprimand; or (5) temporary suspension.
With respect to the imposition of attorney discipline in an individual case, we have stated that "`[e]ach case justifying discipline of an attorney must be evaluated individually in light of the particular facts and circumstances of that case.'" State ex rel. NSBA v. Frank, 262 Neb. at 304, 631 N.W.2d at 490 (quoting State ex rel. NSBA v. Rothery, 260 Neb. 762, 619 N.W.2d 590 (2000)). For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding. Frank, supra; State ex rel. NSBA v. Freese, 259 Neb. 530, 611 N.W.2d 80 (2000); State ex rel. NSBA v. Denton, 258 Neb. 600, 604 N.W.2d 832 (2000).
To determine whether and to what extent discipline should be imposed in a lawyer discipline proceeding, this court considers the following facts: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law. Apker, supra; State ex rel. NSBA v. Gallner, 263 Neb. 135, 638 N.W.2d 819 (2002).
We have noted that the determination of an appropriate penalty to be imposed on an attorney requires consideration of any mitigating factors. Apker, supra; State ex rel. NSBA v. Abrahamson, 262 Neb. 632, 634 N.W.2d 462 (2001).
The evidence in the present case established the misconduct charged. As mitigating factors, we note that respondent has not received prior discipline, there is evidence of his continuing commitment to the legal profession and the community, and respondent indicates regret with respect to the underlying events and the initial manner in which he approached this disciplinary proceeding.
We have considered the record, the findings which have been established by clear and convincing evidence, and the applicable law. We find that the three counts in the formal charges stem from the single underlying event of March 2, 2000, during which the judge inappropriately insisted on making a personal and angry dispute with respondent public in open court. Upon due consideration, we find that respondent should be publicly reprimanded. We do not deem a term of probation to be appropriate discipline in this case.

CONCLUSION
The motion for the judgment on the pleadings is granted. It is the judgment *319 of this court that respondent should be reprimanded. Respondent is hereby publicly reprimanded. Respondent is directed to pay costs and expenses in accordance with § 7-104 and Neb. Ct. R. of Discipline 23 (rev.2001), including the total referee's fee of $5,144.87, previously approved by the court.
JUDGMENT OF PUBLIC REPRIMAND.
HENDRY, C.J., not participating.