STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR, V.
THOMAS M. PETERSEN, RESPONDENT.

672 N.W.2d 637

Filed January 2, 2004.   No. S-03-1189.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

This is an attorney reciprocal discipline case in which the office of the Counsel for Discipline of the Nebraska Supreme Court, relator, filed a motion for reciprocal discipline against respondent, Thomas M. Petersen.

## FACTS

Respondent was admitted to the practice of law in the State of Nebraska on April 14, 1995. On September 17, 2003, the U.S. Court of Appeals for the Eighth Circuit suspended respondent for 30 days due to his "failure to perform his duties toward [a] client in a pending appeal." The case file reflects that despite receiving extensions of time, respondent failed to file a brief in a client's criminal appeal which was pending before the Eighth Circuit. Respondent's failure ultimately led to the necessity of appointing substitute counsel.

On October 17, 2003, the Counsel for Discipline received a letter from respondent notifying the Counsel for Discipline of respondent's suspension by the Eighth Circuit. On October 21, the Counsel for Discipline filed a motion for reciprocal discipline against respondent. On October 28, this court entered a show cause order directing the parties to show cause why this court should or should not enter an order imposing the identical discipline, or greater or lesser discipline, as the court deems appropriate, pursuant to Neb. Ct. R. of Discipline 21 (rev. 2001). Both parties responded to the show cause order. In his response, respondent admitted the essential facts that resulted in his discipline by the Eighth Circuit.

## ANALYSIS

We have stated that " '[t]he basic issues in a disciplinary proceeding against a lawyer are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances.' " *State ex rel. NSBA v. Frank*, 262 Neb. 299, 304, 631 N.W.2d 485, 490 (2001) (quoting *State ex rel. NSBA v. Brown*, 251 Neb. 815, 560 N.W.2d 123 (1997)). In the context of reciprocal disciplinary proceedings, a judicial determination of attorney misconduct in one jurisdiction is generally conclusive proof of guilt and is not subject to relitigation in the second jurisdiction. *State ex rel. NSBA v. Van*, 251 Neb. 196, 556 N.W.2d 39 (1996). We therefore determine that the imposition of discipline is appropriate in this case.

With respect to the type of discipline appropriate in an individual case, we have stated that " '[e]ach case justifying discipline of an attorney must be evaluated individually in light of the particular facts and circumstances of that case.' " *Frank*, 262 Neb. at 304, 631 N.W.2d at 490 (quoting *State ex rel. NSBA v. Rothery*, 260 Neb. 762, 619 N.W.2d 590 (2000)). Neb. Ct. R. of Discipline 4 (rev. 2001) provides that the following may be considered by the court as sanctions for attorney misconduct: (1) disbarment; (2) suspension for a fixed period of time; (3) probation in lieu of suspension, on such terms as the court may designate; (4) censure and reprimand; or (5) temporary suspension. For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the

events of the case and throughout the proceeding. *Frank, supra*; *State ex rel. NSBA v. Freese*, 259 Neb. 530, 611 N.W.2d 80 (2000); *State ex rel. NSBA v. Denton*, 258 Neb. 600, 604 N.W.2d 832 (2000). We apply these factors to the instant reciprocal discipline case.

We have noted that the determination of an appropriate penalty to be imposed on an attorney requires consideration of any mitigating factors. *State ex rel. Counsel for Dis. v. Hart*, 265 Neb. 649, 658 N.W.2d 632 (2003); *State ex rel. NSBA v. Gallner*, 263 Neb. 135, 638 N.W.2d 819 (2002). The record of respondent's disciplinary proceedings before the Eighth Circuit indicates that respondent had personal problems not necessary to repeat here which the Eighth Circuit took into account in imposing discipline. We have likewise taken these matters into account in the present case.

We have considered the case file and the applicable law. Upon due consideration, the court finds that respondent should be suspended from the practice of law for 30 days.

## CONCLUSION

The motion for reciprocal discipline is granted. It is the judgment of this court that respondent should be and is hereby suspended from the practice of law for a period of 30 days, and we therefore order him suspended from the practice of law for a period of 30 days, effective immediately, after which period respondent may apply for reinstatement. Respondent is directed to comply with Neb. Ct. R. of Discipline 16 (rev. 2001), and upon failure to do so, respondent shall be subject to punishment for contempt of this court. Respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 23(B) (rev. 2001).

JUDGMENT OF SUSPENSION.