STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR, V.
JAMES C. HART, JR., RESPONDENT.

658 N.W.2d 632

Filed March 28, 2003.   No. S-02-921.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

Per Curiam.
## INTRODUCTION
On August 19, 2002, formal charges were filed by the office of the Counsel for Discipline of the Nebraska Supreme Court, relator, against respondent, James C. Hart, Jr. Respondent's answer disputed the allegations. A referee was appointed and heard evidence. The referee filed a report on February 5, 2003. With respect to the single count in the formal charges, the referee concluded that respondent's conduct had breached disciplinary rules of the Code of Professional Responsibility. The referee did not make any determination as to whether respondent's conduct violated his oath as an attorney. See Neb. Rev. Stat. § 7-104 (Reissue 1997). The referee recommended that respondent should be publicly reprimanded. Neither relator nor respondent filed exceptions to the referee's report.

## FACTS
Respondent was admitted to the practice of law in the State of Nebraska in 1972. He has practiced in Douglas County.

The substance of the referee's findings may be summarized as follows: The single count of the formal charges involves respondent's handling of a client's employment discrimination claims. The detailed facts as found by the referee are not disputed by the parties and are not repeated here. In sum, the facts show that from May to October 5, 2001, respondent undertook to represent Vicky Wright with regard to her employment discrimination claims. The referee found that on or about October 5, respondent wrote to Wright and advised her that he was withdrawing as counsel. The referee found that in the course of respondent's representation of Wright, respondent failed to contact relevant agencies concerning Wright's discrimination claims, failed to discuss Wright's claims with her former employer or former coworkers, failed to review documents provided to him by Wright, failed to conduct any research on Wright's claims, and failed to advise Wright of any statute of limitations issues. The referee also found that respondent failed to communicate in a timely manner with Wright regarding her discrimination claims, failed to withdraw from his representation of Wright in a timely manner, and failed to refer Wright to

other attorneys practicing in the area or to otherwise protect Wright's interests as those interests were affected by respondent's withdrawal as counsel. The referee found by clear and convincing evidence that as a result of respondent's conduct, respondent had violated Canon 1, DR 1-102(A)(1) (disciplinary rule violation); Canon 6, DR 6-101(A)(3) (neglect); and Canon 7, DR 7-101(A)(2) (failure to carry out contract of employment with client for professional services). The referee also found, however, that contrary to the allegations of paragraph 15 in the formal charges, relator had failed to prove that any " 'time for filing suit [based on Wright's employment discrimination claims] had expired.' "

In his report, the referee specifically found by clear and convincing evidence that respondent had violated the disciplinary rules recited above. With respect to the sanction which ought to be imposed for the foregoing violations, and considering the mitigating factors the referee found present in the case, the referee recommended that respondent should be publicly reprimanded.

## ANALYSIS

In view of the fact that neither party filed written exceptions to the referee's report, relator filed a motion under Neb. Ct. R. of Discipline 10(L) (rev. 2001). When no exceptions are filed, the Nebraska Supreme Court may consider the referee's findings final and conclusive. *State ex rel. Counsel for Dis. v. Apker*, 263 Neb. 741, 642 N.W.2d 162 (2002). Based upon the findings in the referee's report, which we consider to be final and conclusive, we conclude the formal charges are supported by clear and convincing evidence.

A proceeding to discipline an attorney is a trial de novo on the record. *Apker, supra.* To sustain a charge in a disciplinary proceeding against an attorney, a charge must be established by clear and convincing evidence. *Id.* Violation of a disciplinary rule concerning the practice of law is a ground for discipline. *Id.*

Based on the record and the undisputed findings of the referee, we find that the above-referenced facts have been established by clear and convincing evidence. Based on the foregoing evidence, we conclude that by virtue of respondent's conduct, respondent has violated DR 1-102(A)(1), DR 6-101(A)(3), and

DR 7-101(A)(2). We further conclude that respondent has violated the attorney's oath of office. See § 7-104.

We have stated that " '[t]he basic issues in a disciplinary proceeding against a lawyer are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances.' " *State ex rel. NSBA v. Frank*, 262 Neb. 299, 304, 631 N.W.2d 485, 490 (2001) (quoting *State ex rel. NSBA v. Brown*, 251 Neb. 815, 560 N.W.2d 123 (1997)). Neb. Ct. R. of Discipline 4 (rev. 2001) provides that the following may be considered by the court as sanctions for attorney misconduct: (1) disbarment; (2) suspension for a fixed period of time; (3) probation in lieu of suspension, on such terms as the court may designate; (4) censure and reprimand; or (5) temporary suspension.

With respect to the imposition of attorney discipline in an individual case, we have stated that " '[e]ach case justifying discipline of an attorney must be evaluated individually in light of the particular facts and circumstances of that case.' " *Frank*, 262 Neb. at 304, 631 N.W.2d at 490 (quoting *State ex rel. NSBA v. Rothery*, 260 Neb. 762, 619 N.W.2d 590 (2000)). For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding. *Frank, supra*; *State ex rel. NSBA v. Freese*, 259 Neb. 530, 611 N.W.2d 80 (2000); *State ex rel. NSBA v. Denton*, 258 Neb. 600, 604 N.W.2d 832 (2000).

To determine whether and to what extent discipline should be imposed in a lawyer discipline proceeding, this court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law. *Apker, supra*; *State ex rel. NSBA v. Gallner*, 263 Neb. 135, 638 N.W.2d 819 (2002).

We have noted that the determination of an appropriate penalty to be imposed on an attorney requires consideration of any mitigating factors. *Apker, supra*; *State ex rel. NSBA v. Abrahamson*, 262 Neb. 632, 634 N.W.2d 462 (2001).

The evidence in the present case establishes, inter alia, that respondent neglected a legal matter entrusted to him and failed to carry out a contract of employment entered into with the client for

professional services. As mitigating factors, we note the isolated nature of respondent's misconduct and respondent's cooperation with regard to the disciplinary proceeding.

We have considered the record, the findings which have been established by clear and convincing evidence, and the applicable law. Upon due consideration, the court agrees with the referee's recommendation and finds that respondent should be publicly reprimanded.

## CONCLUSION

The motion for judgment on the pleadings is granted. It is the judgment of this court that respondent should be and hereby is publicly reprimanded. Respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 23(B) (rev. 2001).

JUDGMENT OF PUBLIC REPRIMAND.