670 N.W.2d 635 (2003)
266 Neb. 970
STATE of Nebraska ex rel. COUNSEL FOR DISCIPLINE OF THE NEBRASKA SUPREME COURT, Relator,
v.
Paul M. MUIA, Respondent.
No. S-03-387.
Supreme Court of Nebraska.
November 7, 2003.
*636 HENDRY, C.J., and WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MILLER-LERMAN, JJ.
PER CURIAM.

INTRODUCTION
On April 8, 2003, formal charges were filed by the office of the Counsel for Discipline of the Nebraska Supreme Court, relator, against respondent, Paul M. Muia. Respondent's answer disputed the allegations. A referee was appointed and heard evidence. The referee filed a report on September 19, 2003. With respect to the single count in the charges, the referee concluded that respondent's conduct had breached disciplinary rules of the Code of Professional Responsibility and his oath as an attorney. See Neb.Rev.Stat. § 7-104 (Reissue 1997). The referee recommended that respondent be suspended from the practice of law for 4 months. Neither relator nor respondent filed exceptions to the referee's report. On September 30, relator filed a motion for judgment on the pleadings under Neb. Ct. R. of Discipline 10(L) (rev.2001).

FACTS
Respondent was admitted to the practice of law in the State of Nebraska on September 14, 1990. He has practiced in Douglas County. The substance of the referee's findings may be summarized as follows: In June 1998, Janice Russell retained respondent to represent her in a medical malpractice action involving her right knee. The referee found that respondent agreed to represent Russell in her malpractice case even though respondent had no prior experience handling medical malpractice actions. Respondent advised Russell that there would be certain costs involved in litigating her case and that she would be responsible for those costs. Respondent requested a $1,500 advance from Russell to pay for these costs. Russell did not have the full $1,500, and she and respondent agreed that she would make an initial payment of $250, and then pay $100 a month to respondent to pay for costs incurred in litigating her malpractice action. The referee found that between June and December 1998, Russell made periodic payments to respondent totaling $600. Russell made no further payments after December.
The referee determined that respondent secured medical records relating to Russell's condition, for which he paid $100.27 from the moneys advanced by Russell. The referee found, however, that respondent did little else to advance Russell's medical malpractice action. The referee found that the respondent failed to contact outside experts, failed to speak with Russell's treating physicians, and failed to research the applicable statute of limitations. Furthermore, the record reflects that at no time did respondent actually file a lawsuit on behalf of Russell. According to the referee's report, "[w]hen... Russell's payments stopped in December 1998, [respondent] seemed to lose interest [in the case]." The referee determined that respondent performed no work on Russell's medical malpractice action after February 1999.
The referee found that on August 9, 2000, respondent wrote Russell a letter informing her that he was ending his representation of her case. According to the referee, respondent "essentially dropped... Russell, without ever filing a lawsuit, *637 without ever advising her concerning the statute of limitations, and without ever helping her secure other representation."
The referee also found that respondent "fail[ed]" to properly handle Russell's advanced payment of costs. According to the referee's report, respondent failed to deposit one of Russell's advances into his attorney trust account, although the referee found that respondent did not intentionally fail to make this deposit. The referee found that respondent ultimately repaid to Russell all of her advanced costs, except for the $100.27 expended for medical records.
The referee found by clear and convincing evidence that as a result of respondent's conduct, respondent had violated Canon 2, DR 2-110(A)(2) (withdrawal from employment); Canon 6, DR 6-101(A)(3) (neglect); and Canon 9, DR 9-102(A) (deposit client funds into trust account), of the Code of Professional Responsibility. The referee also found that respondent had violated his oath of office as an attorney.
In his report, the referee specifically found by clear and convincing evidence that respondent had violated the disciplinary rules recited above and his oath as an attorney. With respect to the sanction which ought to be imposed for the foregoing violations, and considering the mitigating and aggravating factors the referee found present in the case, the referee recommended that respondent be suspended from the practice of law for 4 months.

ANALYSIS
In view of the fact that neither party filed written exceptions to the referee's report, relator filed a motion for judgment on the pleadings under rule 10(L). When no exceptions are filed, the Nebraska Supreme Court may consider the referee's findings final and conclusive. State ex rel. Counsel for Dis. v. Hart, 265 Neb. 649, 658 N.W.2d 632 (2003). Based upon the findings in the referee's report, which we consider to be final and conclusive, we conclude the formal charges are supported by clear and convincing evidence, and the motion for judgment on the pleadings is granted.
A proceeding to discipline an attorney is a trial de novo on the record. State ex rel. Counsel for Dis. v. Sipple, 265 Neb. 890, 660 N.W.2d 502 (2003). To sustain a charge in a disciplinary proceeding against an attorney, a charge must be established by clear and convincing evidence. Id. Violation of a disciplinary rule concerning the practice of law is a ground for discipline. Hart, supra.
Based on the record and the undisputed findings of the referee, we find that the above-referenced facts have been established by clear and convincing evidence. Based on the foregoing evidence, we conclude that by virtue of respondent's conduct, respondent has violated DR 2-110(A)(2), DR 6-101(A)(3), and DR 9-102(A). We further conclude that respondent has violated the attorney's oath of office. See § 7-104.
We have stated that "`[t]he basic issues in a disciplinary proceeding against a lawyer are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances.'" State ex rel. NSBA v. Frank, 262 Neb. 299, 304, 631 N.W.2d 485, 490 (2001) (quoting State ex rel. NSBA v. Brown, 251 Neb. 815, 560 N.W.2d 123 (1997)). Neb. Ct. R. of Discipline 4 (rev.2001) provides that the following may be considered by the court as sanctions for attorney misconduct: (1) disbarment; (2) suspension for a fixed period of time; (3) probation in lieu of suspension, on such terms as the court may designate; (4) censure and reprimand; or (5) temporary suspension.
*638 With respect to the imposition of attorney discipline in an individual case, we have stated that "`[e]ach case justifying discipline of an attorney must be evaluated individually in light of the particular facts and circumstances of that case.'" Frank, 262 Neb. at 304, 631 N.W.2d at 490 (quoting State ex rel. NSBA v. Rothery, 260 Neb. 762, 619 N.W.2d 590 (2000)). For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding. Frank, supra; State ex rel. NSBA v. Freese, 259 Neb. 530, 611 N.W.2d 80 (2000); State ex rel. NSBA v. Denton, 258 Neb. 600, 604 N.W.2d 832 (2000).
To determine whether and to what extent discipline should be imposed in a lawyer discipline proceeding, this court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law. Hart, supra; State ex rel. NSBA v. Gallner, 263 Neb. 135, 638 N.W.2d 819 (2002).
We have noted that the determination of an appropriate penalty to be imposed on an attorney requires consideration of any mitigating factors. Id.
The evidence in the present case establishes, inter alia, that respondent neglected a legal matter entrusted to him, improperly withdrew from employment, and failed to properly account for client funds in his attorney trust account.
As mitigating factors, we note the isolated nature of respondent's misconduct and his cooperation during the disciplinary proceedings.
We have considered the record, the findings which have been established by clear and convincing evidence, and the applicable law. Upon due consideration, the court agrees with the referee's recommendation and finds that respondent should be suspended from the practice of law for 4 months.

CONCLUSION
The motion for judgment on the pleadings is granted. It is the judgment of this court that respondent should be and is hereby suspended from the practice of law for a period of 4 months, and we therefore order him suspended from the practice of law for a period of 4 months, effective immediately, after which period respondent may apply for reinstatement. Respondent is directed to comply with Neb. Ct. R. of Discipline 16 (rev.2001), and upon failure to do so, respondent shall be subject to punishment for contempt of this court. Respondent is directed to pay costs and expenses in accordance with Neb.Rev.Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 23(B) (rev.2001).
JUDGMENT OF SUSPENSION.
McCORMACK, J., not participating.