647 N.W.2d 653 (2002)
264 Neb. 474
STATE of Nebraska ex rel. COUNSEL FOR DISCIPLINE OF THE NEBRASKA SUPREME COURT, Relator,
v.
Lyle J. KOENIG, Respondent.
No. S-01-634.
Supreme Court of Nebraska.
July 26, 2002.
HENDRY, C.J., and WRIGHT, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
PER CURIAM.

INTRODUCTION
On June 15, 2001, amended formal charges were filed by the office of the Counsel for Discipline of the Nebraska Supreme Court, relator, against respondent, Lyle J. Koenig. Respondent's answer disputed the allegations. A referee was appointed and heard evidence. The referee filed a report on January 31, 2002. *654 With respect to both counts I and II, the referee concluded that respondent's conduct had breached the disciplinary rules of the Code of Professional Responsibility and his oath as an attorney. See Neb.Rev. Stat. § 7-104 (Reissue 1997). The referee recommended that respondent be suspended from the practice of law for 90 days. Neither relator nor respondent filed exceptions to the referee's report.

FACTS
The substance of the referee's findings may be summarized as follows:
Respondent was admitted to the practice of law in the State of Nebraska on February 28, 1972. He practiced in Hebron from 1972 to 1994 when he moved to Lincoln.
Count I involves respondent's conduct with respect to the handling of the estate of Alice Nelsen and the sale of an estate asset, real property, to the city of Hebron, while respondent represented the estate and served as Hebron City Attorney. The detailed facts underlying count I as found by the referee are not disputed by the parties and are not repeated here. In sum, the facts show that respondent prepared the documentation to effect the sale of certain real property in which he misrepresented the status of the estate proceedings and the legal status of the real property, in violation of Canon 1, DR 1-102(A)(4); continued the multiple employment by the Nelsen estate and the city of Hebron when it involved different interests, in violation of Canon 5, DR 5-105(B); neglected the probate of the Nelsen estate in various respects, in violation of Canon 6, DR 6-101(A)(3); engaged in conduct that was prejudicial to the administration of justice, in violation of DR 1-102(A)(5) as a result of his continuing in multiple employment; and, accordingly, violated disciplinary rules, constituting a violation of DR 1-102(A)(1).
Count II involves respondent's conduct with respect to his representation of Ted Nelsen in Nelsen's federal lawsuit against Cargill, Inc., in which Nelsen claimed that Cargill, Inc., as lessee of a certain grain elevator owned by Ted Nelsen, had misused the elevator, resulting in damage to Ted Nelsen. The detailed facts underlying count II as found by the referee are not disputed by the parties and are not repeated here. In sum, the facts show that respondent neglected the federal lawsuit by, inter alia, failing to file a status report, resulting in the dismissal without prejudice of the case, in violation of DR 6-101(A)(3); engaged in conduct that was prejudicial to the administration of justice, due to the neglect of the federal lawsuit, in violation of DR 1-102(A)(5); and, accordingly, violated disciplinary rules, constituting a violation of DR 1-102(A)(1).
In his report, the referee specifically found by clear and convincing evidence that respondent had violated the disciplinary rules recited above and his oath as an attorney. With respect to the sanction which ought to be imposed for the foregoing violations, and considering the mitigating and aggravating factors the referee found present in the case, the referee recommended that respondent be suspended from the practice of law for 90 days.

ANALYSIS
In view of the fact that neither party filed written exceptions to the referee's report, relator filed a motion under Neb. Ct. R. of Discipline 10(L) (rev.2001). When no exceptions are filed, the Nebraska Supreme Court may consider the referee's findings final and conclusive. State ex rel. Counsel for Dis. v. Apker, 263 Neb. 741, 642 N.W.2d 162 (2002). Based upon the findings in the referee's report, which *655 we consider to be final and conclusive, we conclude the formal charges are supported by clear and convincing evidence.
A proceeding to discipline an attorney is a trial de novo on the record. Apker, supra. To sustain a charge in a disciplinary proceeding against an attorney, a charge must be established by clear and convincing evidence. Id. Violation of a disciplinary rule concerning the practice of law is a ground for discipline. Id.
Based on the record and the undisputed findings of the referee, we find that the above-referenced facts have been established by clear and convincing evidence. Based on the foregoing evidence, we conclude that by virtue of respondent's conduct, respondent has violated DR 1-102(A)(1), (4), and (5); DR 5-105(B); and DR 6-101(A)(3). We further conclude that respondent has violated the attorney's oath of office. See § 7-104.
We have stated that "`[t]he basic issues in a disciplinary proceeding against a lawyer are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances.'" State ex rel. NSBA v. Frank, 262 Neb. 299, 304, 631 N.W.2d 485, 490 (2001) (quoting State ex rel. NSBA v. Brown, 251 Neb. 815, 560 N.W.2d 123 (1997)). Neb. Ct. R. of Discipline 4 (rev.2001) provides that the following may be considered by the court as sanctions for attorney misconduct: (1) disbarment; (2) suspension for a fixed period of time; (3) probation in lieu of suspension, on such terms as the court may designate; (4) censure and reprimand; or (5) temporary suspension.
With respect to the imposition of attorney discipline in an individual case, we have stated that "`[e]ach case justifying discipline of an attorney must be evaluated individually in light of the particular facts and circumstances of that case.'"
Frank, 262 Neb. at 304, 631 N.W.2d at 490 (quoting State ex rel. NSBA v. Rothery, 260 Neb. 762, 619 N.W.2d 590 (2000)). For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding. Frank, supra; State ex rel. NSBA v. Freese, 259 Neb. 530, 611 N.W.2d 80 (2000); State ex rel. NSBA v. Denton, 258 Neb. 600, 604 N.W.2d 832 (2000).
To determine whether and to what extent discipline should be imposed in a lawyer discipline proceeding, this court considers the following facts: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law. Apker, supra; State ex rel. NSBA v. Gallner, 263 Neb. 135, 638 N.W.2d 819 (2002).
We have noted that the determination of an appropriate penalty to be imposed on an attorney requires consideration of any mitigating factors. Apker, supra; State ex rel. NSBA v. Abrahamson, 262 Neb. 632, 634 N.W.2d 462 (2001).
The evidence in the present case establishes, inter alia, that respondent's conduct with respect to these matters violated several disciplinary rules and his oath of office as an attorney. As mitigating factors, we note his cooperation during the disciplinary proceeding, his continuing commitment to the legal profession and the community, and the lack of evidence of any harm to the clients.
Factors weighing against respondent include his lack of willingness to take responsibility for his conduct, which he characterizes as merely "sloppy practice," and a prior reprimand.
*656 We have considered the record, the findings which have been established by clear and convincing evidence, and the applicable law. Upon due consideration, the court agrees with the referee's recommendation and finds that respondent should be suspended from the practice of law for 90 days.

CONCLUSION
The motion for judgment on the pleadings is granted. It is the judgment of this court that respondent should be suspended from the practice of law for a period of 90 days, and we therefore order him suspended from the practice of law for a period of 90 days effective immediately, after which period, respondent may apply for readmission to the bar. Respondent is directed to comply with Neb. Ct. R. of Discipline 16 (rev.2001), and upon failure to do so, respondent shall be subject to punishment for contempt of this court. Respondent is directed to pay costs and expenses in accordance with § 7-104 and Neb. Ct. R. of Discipline 23 (rev.2001).
JUDGMENT OF SUSPENSION.
CONNOLLY, J., not participating.